

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-87,541-01

### EX PARTE SERGIO GORDILLO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1273425-A IN THE 208TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery with a deadly weapon and sentenced to forty-five years' imprisonment. The First Court of Appeals affirmed his conviction. *Gordillo v. State*, No. 01-13-00477-CR (Tex. App.—Houston [1st Dist.] Feb. 19, 2015)(not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance because counsel failed to adequately prepare Applicant for his punishment testimony. Applicant also alleges that counsel made an unsound decision to call Applicant's former girlfriend, which enabled the State to

elicit harmful testimony.

The trial court has made findings that counsel performed deficiently, but Applicant was not prejudiced. However, Applicant alleges that counsel's deficient performance during the punishment phase undermines confidence in the forty-five year sentence where the judge initially said that she would sentence applicant to twenty-five years' imprisonment.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

It appears that Applicant is represented by counsel. The trial court shall determine whether Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether counsel's deficient performance prejudiced Applicant. Specifically, the trial court shall make findings of fact and conclusions of law as to whether the judge initially said she would sentence Applicant to twenty-five years' imprisonment. The trial court shall also make findings of fact and conclusions of law as to whether the judge's decision to sentence Applicant to forty-five years was solely based on the testimony elicited by the State from Applicant's former girlfriend and/or because of Applicant's refusal to admit to committing the extraneous offense or feeling remorse for committing said offense. The trial court shall also make any other findings of fact and conclusions of law that it deems

relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: December 20, 2017
Do not publish